**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Kukiela, <br>     Plaintiff, <br> vs. <br> LMA Professional Recovery Group, <br>     Defendant. | No. CV-10-688-TUC-DTF <br><br> **DEFAULT JUDGMENT** |

Pending before the Court is Plaintiff's Application for Entry of Default Judgment.[1] Plaintiff seeks judgment against Defendant for statutory damages in the amount of $1000, plus attorney fees of $4,070.00 and costs in the amount of $480.82. (Doc. 14.)

Plaintiff submitted an application for entry of default on May 26, 2011. (Doc. 11.) The Clerk of Court entered default against Defendant LMA on June 1, 2011. (Doc. 13.) After entry of a default, a court may grant a default judgment on the merits of the case. Fed. R. Civ. P. 55(b). The request for relief can neither differ from nor exceed that prayed for in the complaint. *See* Fed. R. Civ. P. 54(c).

Once default has been entered, the Court must take as true all factual allegations in the complaint, except for those related to the amount of damages. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*,

---

[1] Plaintiff consented to proceed before a United States Magistrate Judge for all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. §636(c)(1). (Doc. 7.) Because Defendant did not appear and establish its standing as a party in this action, the Magistrate Judge has jurisdiction to enter the requested default judgment. *See United States v. Real Property*, 135 F.3d 1312, 1314 (9th Cir. 1998).

559 F.2d 557, 560 (9th Cir. 1977)). Plaintiff's complaint alleges violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Doc. 1.) The allegations taken as true establish that Defendant began placing telephone calls to Plaintiff demanding payment of an alleged debt in October 2010. Defendant failed to provide written notification of the debt within five days of the initial communication, refused to provide a written statement regarding the debt, failed to identify the company name in messages, failed to disclose in voicemail that the company was trying to collect a debt, stated that there was a formal legal action pending and stated that failure to respond would result in service of a summons, threatened to take action that is not legally allowed or intended to be taken, and engaged in harassing conduct. The company also emailed Plaintiff but failed to provide the required written statement regarding the debt, threatened to institute legal proceedings against Plaintiff, and failed to disclose that the company was attempting to collect a debt and any information would be used for that purpose. This conduct as pled violated multiple provisions of the FDCPA, including 15 U.S.C. §§ 1692d, 1692d(6), 1692e, 1692e(2)(A), 1692e(5),1692e(10), 1692e(11), 1692f, 1692g. As a result of Defendant's conduct, Plaintiff suffered mental anguish causing stress, anxiety, nervousness, fear of answering the telephone, and embarrassment, which impacted his work and personal relationships. (Doc. 1 at 3-8.)

"The district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Factors that a court may consider in exercising that discretion include: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 James Wm. Moore et al., Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

There is a significant possibility of prejudice to Plaintiff if default is not entered because Plaintiff would be deprived of the only available avenue of redress for Defendant's statutory violation. *See PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2002). As summarized above, Plaintiff's complaint is sufficient on its face and the claim as pled is meritorious. That does not foreclose the possibility that the material facts could be disputed if Defendant had appeared, however, it forfeited the right to challenge those facts by failing to respond. With respect to factor four, Plaintiff is seeking only statutory damages, in the maximum amount of $1000, foregoing his claim for actual damages. The sum sought is small and statutorily limited, which favors granting default judgment. With respect to factor six, nothing before the Court indicates Defendant's default was due to excusable neglect. The record reflects Defendant's representative was personally served with the original complaint (Doc. 9), and Defendant was sent a copy of the request for entry of default and application for default judgment (Docs. 11, 14). *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp.2d 995, 1005 (N.D. Cal. 2001) (no excusable neglect because defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion"). Defendant has made no appearance nor is there an indication of any contact with Plaintiff's counsel. Despite the strong policy favoring a decision on the merits, Defendant's failure to appear renders that impossible, which is why Rule 55 exists. Considering all the relevant factors, a default judgment is warranted.

The Court may hold a hearing to assess damages, however, it is not required if plaintiff claims a liquidated sum or damages can be assessed based on affidavits. *See Davis v. Fendler*, 650 F.2d 1154, 1161-62 (9th Cir. 1981). Because Plaintiff seeks only statutory damages and he attached evidentiary submissions to the application for default damages, a hearing is unnecessary. When a debt collector violates the FDCPA with respect to a person, that person can collect actual damages, additional damages as allowed by the Court up to $1000, and costs and reasonable attorney's fees. 15 U.S.C. § 1692k. The maximum statutory

| | |
|---|---|
| 1 | damages of $1000 are warranted in this case because Defendant committed multiple and |
| 2 | repeated violations of the FDCPA and caused Plaintiff to suffer emotional harm. Having |
| 3 | reviewed counsel's timekeeping records, billing rates and attorney declarations (Dkts. 11-1, |
| 4 | 11-2), and considering the success achieved by counsel, the Court finds the requested fees |
| 5 | ($4,070.0) and costs ($480.82) reasonable and allowable pursuant to 15 U.S.C. |
| 6 | § 1692k(a)(3). |
| 7 | Accordingly, |
| 8 | **IT IS ORDERED** that Plaintiffs' Application for Entry of Default Judgment (Doc. |
| 9 | 14) is **GRANTED**. |
| 10 | **IT IS FURTHER ORDERED** that Plaintiff is awarded damages in the amount of |
| 11 | $1000, attorney's fees in the amount of $4,070.00 and costs in the amount of $480.82. |
| 12 | DATED this 1st day of August, 2011. |

D. Thomas Ferraro
United States Magistrate Judge